OPINION
Plaintiff-Appellant, Robert Motycka, attempts to bring this appeal from an entry issued by the Van Wert County Court of Common Pleas overruling his objections and adopting a magistrate's decision. Because we find that the entry appealed from is not a final order, we have no choice but to dismiss the action for lack of jurisdiction.
The relevant facts and procedural history of this matter are set forth in the record as follows:
 On August 10, 1998, Robert filed a complaint for divorce from Defendant-Appellee, Janet Motycka. Three children were born as issue of the marriage, two of whom had been emancipated at the time that the action commenced. Although the parties agreed that Janet would be designated the residential parent of the minor child, they presented the remaining issues of property division, child support, and spousal support to a magistrate in January 1999. The magistrate issued his report on January 20, 1999, with the trial judge simultaneously adopting the recommendation.
Robert then filed timely objections to the magistrate's decision. Aside from correcting a few minor oversights contained in the magistrate's report, the trial court overruled the majority of Robert's objections by judgment entry dated February 11, 1999. Thereafter, on February 22, 1999, Robert filed a request for findings of fact and conclusions of law and for further hearing. The trial court then ordered both parties to furnish proposed findings of fact and conclusions of law. On July 29, 1999, the court issued a final decree of divorce and denied Robert's request for further hearing.
In response to this final entry, Robert perfected an appeal to this Court wherein he presented three assignments of error, including an assertion that the trial court erred by ruling on the objections without first reviewing the transcript of the January 1999 hearing. In Motycka v. Motycka (Dec. 20, 1999), Van Wert App. No. 15-99-12, unreported, this Court agreed with Robert's contention, and held that the trial court committed reversible error by failing to consider the factual evidence prior to ruling on the objections to the magistrate's decision. Since we found this issue to be dispositive, we declined to address the remaining assignments of error. Accordingly, we reversed the July 29, 1999 judgment and remanded the matter to allow the trial court to consider the objections in light of the evidence contained in the transcript.
Upon remand, the trial court reviewed the transcript of the hearing and again overruled Robert's objections by entry dated April 6, 2000. The entry further stated that the court "reaffirms the Magistrates [sic] decision and Journal Entry filed July 29, 1999." It is from this judgment that Robert brings the instant appeal.
 In his substantive brief submitted to this Court, Robert asserts three separate assignments of error, which focus on the issues of spousal support, property division, and the court's refusal to hear additional evidence prior to ruling on the objections. Notwithstanding, we are precluded from addressing the merits of Robert's arguments since it is evident that the April 6, 2000 entry is not a final, appealable order.
This Court has jurisdiction to hear appeals only from final appealable orders. Section 3, Article IV, Ohio Constitution; R.C.2505.02. With regard to the relationship between the magistrate and the trial court, we observe the language contained in Civ.R. 53(E)(4)(c):
 The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered.
 In Reiter v. Reiter (May 11, 1999), Hancock App. No. 5-98-32, unreported, this Court interpreted Civ.R. 53 to require that when approving a magistrate's decision, the court must not only order that the findings of the magistrate have been adopted, but it must go one step further and enter its own judgment on the issues originally submitted to the court. "[T]he adoption or rejection of the [magistrate's decision] is not the matter which has been submitted to the court; rather, the [decision] is merely an additional resource at the court's disposal in determining the issues before it." Id. at * * 2, quoting Daly v. Martin (May 14, 1997) Medina App. No. 2599-M, unreported, at * * 3, overruled on different grounds, Harkai v. Scherba Ind., Inc. (2000), ___ N.E.2d ___, 2000 WL 487737.
Although the court need not "parrot the magistrate's findings", the court must, at the very least, address the issues and express the outcome and remedy in the underlying action. Id. The content of the entry "must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case." Id. quotingWalker v. Walker (Aug. 5, 1987), Summit App. No. 12978, unreported at * * 4.
A careful examination of the record in this case leads us to conclude that although the April 6, 2000 entry indicates an adoption of the magistrate's decision, the trial court failed to issue an independent judgment on the matters of property division, spousal support, and child support. We note that the court's attempt to revive the previous divorce decree issued on July 29, 1999, is insufficient since that judgment was clearly reversed and set aside in the previous appeal.
Based upon the foregoing, we find that this Court is without jurisdiction to address this appeal, and that the matter must be dismissed for lack of a final order.
HADLEY, P.J. and SHAW, J., concur.
 _____________ WALTERS, J.